WILLIAM C. MUDGE v. EVANSTON (VIL.) ET AL.

INTEREST ON MUNICIPAL ASSESSMENTS LEVIED BEFORE PASSAGE OF REV. STAT. 1536-292 (LAN. 4017) SHOULD BE REDUCED BY AMOUNT OF PREMIUM ON SALE OF BONDS.

Before the passage of Rev. Stat. 1536-292 (Lan. 4017), the premium obtained by the sale of bonds for municipal improvements should go to reduce the interest charged against property holders on their deferred assessment installments, and should not be applied to reduce the amount of such installments.

[For other cases in point, see 1 Cyc. Dig., "Assessments," § 299.—Ed.]

[Syllabus approved by the court.]

**JELKE, J.**

We adhere to the law as laid down in the case of *Fridman v. Norwood (Vil.)*, 25 O. C. C. 258, where this court said, page 262.

"To even things up, whatever of a premium or surplus is yielded should be credited back on the assessments of those who have the principal and interest of the debt to pay."

This case was affirmed by the Supreme Court in *Norwood (Vil.) v. Fridman,* 70 Ohio St. 431 [72 N. E. Rep. 1166]. The error of counsel for William C. Mudge lies in seeking to have the premium produced go to a reduction of the cost of the improvement. This it does not. The cost of the improvement is made by the actual expenditure of money in paying therefor. The premium goes to and affects the cost of borrowing the money for the deferred payments. If the municipal council, by some financial thermometer could exactly know the rate of interest which would yield par for the bonds, it would be their theoretical duty to issue and offer for sale bonds at that rate of interest. The premium bid and paid is the capitalization (with provision for its own absorption) of the margin of excess between the market price of the money and that engaged to be paid in the bonds. To carry out the theory of *Fridman v. Norwood (Vil.), supra,* the municipality and the assessment-paying property owners in this deal should carry the burden evenly and without profit to either; hence, the premium produced should be credited back upon the interest payable by the property owners on the deferred assessment installments. The property owner, William C. Mudge, could have paid the cash assessment and the whole

question of interest as to him would have been eliminated. So far as anything is shown herein, he never had the right to pay anything less than the face total of the cash assessment. It is a mere matter of mathematical determination to ascertain what it cost the village of Evanston to borrow this money, be it on a 3, 3½, 4, 4½ or 5 per cent basis. The fair thing then is for the property owner to pay the amount of the cash assessment plus interest at the rate it cost the village to borrow the money. The principal of the obligation has at all times been liquidated and fixed; hence *Stephens* v. *Bridge Co.* 139 Fed. Rep. 248, is not applicable.

The only uncertain thing has been the rate of interest, and that was ascertainable immediately upon the sale of the bonds. The plaintiff, William C. Mudge, has, ever since the assessment was levied, had the use of this liquidated sum, which at law is deemed a valuable thing usually estimated at 6 per cent, and said plaintiff should not complain if the municipal credit is substituted for his personal credit to his profit and advantage.

We are therefore of the opinion that the plaintiff should pay the amount of the assessment with interest from the date thereof at the rate to be determined as above indicated, to date, without compounding; or, he may, at his election, adopt the ten annual installments plan, by paying the past installments with their interest calculated as above, without penalty, and without further interest on the defaulted payments, and continue the installments into the future to the end of the ten years period, all with interest fixed as we have found proper herein.

This question cannot arise as to assessments levied since the passage of the new municipal code. Fortunately, the legislature in Rev. Stat. 1536-292 (Lan. 4017), has eliminated this complication as to the future.

**Swing** and **Giffen, JJ.,** concur.